IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 18-cr-00481-WJM

UNITED STATES OF AMERICA,

Plaintiff,

**v**

2. **TIMOTHY HOWELL,**

Defendant.

---

## MOTION FOR A DESIGNATION OF COMPLEXITY AND AN ENDS OF JUSTICE EXCLUSION OF 120 DAYS FROM THE SPEEDY TRIAL CALENDAR PURSUANT TO TITLE 18, UNITED STATES CODE, SECTIONS 3161(h)(7)(A) and (B)(ii) and (iv)

---

The Defendant, Timothy Howell ("Mr. Howell"), by and through counsel, Scott Poland of Poland & Wheeler P.C. files this motion respectfully requesting that the Court issue an Order: (1) designating the above-captioned case as "complex" pursuant to Title 18, United States Code, Section 3161(h)(7)(B)(ii); (2) making an ends of justice finding pursuant to Title 18 United States Code, Section 3161(h)(7)(A); and (3) excluding 120 days from the speedy trial calculation pursuant to Title 18 United States Code, Section 3161(h)(7)(B)(i)-(iv). As grounds for this motion, defense counsel states as follows:

### LEGAL AND FACTUAL GROUNDS FOR MOTION

1. Title 18 U.S.C. § 3161(h), provides in relevant part:

   a. "The following periods of delay shall be excluded… in computing the time within which the trial of any such offense must commence:"

   b. (7)(A) Any period of delay resulting from a continuance granted by any judge… at the request of the defendant or his counsel, or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A).

2. The Speedy Trial Act serves two distinct interests: first, to protect a defendant's right to a speedy indictment and trial, and second, to serve the public interest in ensuring prompt criminal prosecutions. *United States v. Williams*, 511 F.3d

1

1044,1047 (10th Cir. 2007). The Act requires that a defendant's trial commence within 70 days after his indictment or initial appearance, whichever is later. *See* 18 U.S.C. § 3161(c)(1). Certain periods of delay are excluded and do not count toward the 70-day limit. *See* 18 U.S.C. § 3161(h)(1)-(8). Specifically, "the Act excludes any period of delay 'resulting from a continuance granted by any judge… on the basis of its findings that the end of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."

3.  In order for a continuance to qualify as an excludable "ends-of-justice" continuance under § 3161(h)(7)(A), certain prerequisites must be satisfied. First, the Court must consider the following factors listed in § 3161(h)(7)(B)(i)-(iv):

    (i)     Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice;

    (ii)    Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by [the Act];…

    (iii)   Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

4.  The Court must then set forth, in the record, either orally or in writing, the reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.

5.  Mr. Howell respectfully advises the Court that the above-referenced case is complex, under Title 18, United States Code, Section 3161(h)(7)(B)(ii) and (iv) due to the amount of documentary material and other evidence subject to pretrial disclosure or discovery. Under the circumstances, the defense believes that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself, by the prosecution or the defense, within the normal time limits established by Title 18, United States Code, Section 3161.

6.  Accordingly, the defense requests the Court to make an ends of justice contemplated by Section 3161(h)(7)(A), and exclude 120 days from the speedy trial calculation, and set the case for a status conference and further proceedings toward the end of the period of excludable time. In support of this motion, the defense states the following.

7. The Indictment in this case follows a year-long investigation into a complex drug trafficking and money laundering organization. The defendants are charged with participating in a long-running, wide-ranging conspiracy to sell narcotics on the darknet and launder the proceeds of those drug transactions using cryptocurrency. On the day of the defendants' arrests, the Government executed four search warrants across two different states, including warrants on digital devices, a vehicle, a residence, and a storage locker. During the course of the investigation, the Government executed numerous other search warrants, collecting digital and physical evidence as a result. In particular, the computers, thumb drives, phones, and other digital devices collected via search warrant contain voluminous data in different formats across different operating systems. The first wave of discovery provided to the defense consists of a thumb drive containing voluminous material. The index for the thumb drive alone is 43 pages long with hundreds of entries contained on it. In addition, due to the nature this case and the Governments belief these defendants were operating in the "dark web", it is likely the defense will need to retain the services of a computer expert to assist in reviewing and understanding portions of the discovery, which will take additional time.

8. The United States is working diligently to produce discovery to defense counsel and has provided discovery in phases. It is reasonably foreseeable that defense counsel will need at least 120 days to review the discovery material and prepare for pretrial motions or other pretrial matters. Under the circumstances, it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself, by either the defense or the prosecution, within the normal time limits established by Title 18, United States Code, Section 3161.

9. The defense respectfully asserts that the ends of justice will be served by the Court's finding and concluding that this case is complex within the meaning of Title 18, United States Code, Section 3161(h)(7)(B)(ii) and/or that the failure to grant such a continuance in this case, taken as a whole, would deny counsel for the defendants reasonable time necessary for effective preparation, taking into account the exercise of due diligence, pursuant to Section 3161(h)(7)(B)(iv). The defense believes that at least 120 days of excludable speedy trial time is required at this stage to permit the parties to become familiar with the underlying investigation.

10. In further support of this motion, the defense addresses the factors articulated in *United States v. West*, 828 F.2d 1468, 1449-70 (10th Cir. 1987). First, the United States has exercised diligence in collecting, organizing, and producing the evidence in this case. If this motion is granted, it is likely that the continuance will accomplish the purposes underlying the need for the continuance. Namely, the defense will have an opportunity to diligently review the voluminous discovery, determine what, if any, defenses their clients my have, conduct any necessary investigation, and file any necessary discovery and/or suppression motions once they have reviewed the discovery. Second, neither the defense nor United States believe that such a continuance will inconvenience the parties or witnesses and allowing the defense sufficient time to review and digest the evidence would save judicial resources by allowing the parties the time necessary to potentially resolve

their respective cases without further litigation. Third, without the requested continuance, the defense believes that the defendants would be prejudiced because proceeding under the normal time limits would deny counsel for the defendants the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

11. Counsel for Mr. Howell has conferred with government counsel, Andrea Surratt and counsel for Co-defendant Calvin Mower, Ms. Nancy Kardon who are in agreement with the motion.

12. Accordingly, the defendant, Mr. Howell respectfully requests that the Court Order: (1) designating the above-captioned case as "complex" pursuant to Title 18, United States Code, Section 3161(h)(7)(B)(ii); (2) making an ends of justice finding pursuant to Title 18, United States Code, Section 3161(h)(7)(A); and (3) excluding 120 days from the speedy trial calculation pursuant to Title 18 United States Code, Section 3161(h)(7)(B)(i)-(iv).

Respectfully submitted this 16th day of November 2018,

Scott Poland
ATTORNEY AT LAW
BY:  *s/Scott Poland*
The Law Offices of Poland & Wheeler, PC
215 S. Wadsworth Blvd., Suite 500
Lakewood, CO 80226
Phone 303-969-8300
Fax 303-986-4857
e-mail: scottpoland@qwestoffice.net

## **CERTIFICATE OF SERVICE**

      I hereby certify that on November 16th, 2018 I electronically filed the foregoing **MOTION FOR A DESIGNATION OF OMPLEXITY AND AN ENDS OF JUSTICE EXCLUSION OF 120 DAYS FROM THE SPEEDY TRIAL CALENDAR PURSUANT TO TITLE 18, UNITED STATES CODE, SECTIONS 3161(h)(7)(A) and (B)(ii) and (iv)** with the Clerk of the Court using CM/ECF system which will send notification of such filing to all attorneys of record.

Scott Poland
ATTORNEY AT LAW
BY:  *s/Scott Poland*
The Law Offices of Poland &
Wheeler, PC
215 S. Wadsworth Blvd., Suite 500
Lakewood, CO 80226
Phone 303-969-8300
Fax 303-986-4857
e-mail: scottpoland@qwestoffice.net